MICHAEL O'CONNOR, PROSECUTOR-APPELLANT, v. HORACE K. ROBERSON, DIRECTOR, ETC., DEFENDANT-RESPONDENT.

Submitted May 31, 1940—Decided October 10, 1940.

For the appellant, *Frazer, Stoffer & Jacobs.*

For the respondent, *William Rubin.*

PER CURIAM.

We concur in the view expressed in the opinion of the Supreme Court, following *Joyce* v. *Price,* 123 *N. J. L.* 171, that chapter 385 of the laws of 1938 is unconstitutional in so far as it attempts to give tenure to exempt firemen holding public employment, as distinguished from public office, for the reason that the title is not broad enough to include this feature.

Prosecutor-appellant insists in this court, however, that he was not in fact the holder of a mere employment but of a position. Without discussing the question, the Supreme Court apparently found to the contrary inasmuch as its application of the law is predicated upon the proposition that appellant held an employment. We consider that the record justifies, and in fact requires, such a finding. Appellant was designated as a "utility maintenance man." He was paid on a *per diem* basis for the time actually worked. At each meeting of the commission payrolls for such *per diem* employes

were approved and passed. Admittedly a period of one year passed at sometime during his employment without his being called on to work; then he was called back by the mayor. He testified on the character of his work as follows: *"Q. What title did you have? A. Helper on the trucks is about all I can make out of it; in the meter department."* Obviously, these facts point to a mere employment and not to the holding of an office or position.

The judgment under review is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, CASE, DONGES, HEHER, PORTER, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, JJ. 11.

*For reversal*—None.